**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7005

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY LEE SADLER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CR-93-160; CA-01-4326-HMH)

Submitted:  February 28, 2006          Decided:  March 15, 2006

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jimmy Lee Sadler, Appellant Pro Se.  Kevin Frank McDonald, OFFICE
OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jimmy Lee Sadler, a federal prisoner, seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion. It is apparent from the record that Sadler's Rule 60(b) motion was an attempt to file a successive 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a post-conviction proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Sadler has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

In addition, we construe Sadler's notice of appeal and informal brief on appeal as an application for authorization to file a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain

authorization to file a second § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(3)(C) (2000). Because Sadler asserts neither a new rule of constitutional law made retroactively applicable nor newly discovered evidence, we conclude that he has not demonstrated grounds on which to grant authorization under § 2244.

We grant Sadler's motion to supplement the record; however, we deny the request contained in that motion to vacate the district court's order denying a certificate of appealability. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                        DISMISSED

- 3 -